**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CRISTIAN SANCHEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ADOBE INC.,<br><br>　　　　　　Defendant. | Case No. 1:21-cv-01435-GBD<br><br>**District Judge<br>George B. Daniels**<br><br>**ORAL ARGUMENT<br>REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
<u>MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER</u>**

　　　　　　　　　　　　　　　　　　　　　　**MORGAN, LEWIS & BOCKIUS LLP**
　　　　　　　　　　　　　　　　　　　　　　Stephanie Schuster
　　　　　　　　　　　　　　　　　　　　　　1111 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20004
　　　　　　　　　　　　　　　　　　　　　　T: (202) 373-6595
　　　　　　　　　　　　　　　　　　　　　　F: (202) 739-3001
　　　　　　　　　　　　　　　　　　　　　　stephanie.schuster@morganlewis.com

　　　　　　　　　　　　　　　　　　　　　　Michael F. Fleming
　　　　　　　　　　　　　　　　　　　　　　101 Park Avenue
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10178
　　　　　　　　　　　　　　　　　　　　　　T: (212) 309-6207
　　　　　　　　　　　　　　　　　　　　　　F: (212) 309-6001
　　　　　　　　　　　　　　　　　　　　　　michael.fleming@morganlewis.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

ARGUMENT ......................................................................................................................... 2

    I.    The Court Lacks Personal Jurisdiction Over Adobe................................................... 2

        A.    General Jurisdiction Is Lacking Because Adobe Is Not At Home In New York ................................................................................................................ 3

        B.    Specific Jurisdiction Is Lacking Because Sanchez's Claims Have Nothing To Do With Adobe's Contacts With New York .............................. 4

    II.    Alternatively, This Action Should Be Transferred To The Northern District Of California ................................................................................................................ 7

CONCLUSION ................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Andrews v. A.C. Roman & Assocs.*,
   914 F. Supp. 2d 230 (N.D.N.Y. 2012)......................................................................................8

*Ayala-Branch v. Tad Telecom, Inc.*,
   197 F. Supp. 2d 13 (S.D.N.Y. 2002)........................................................................................9

*Beeney v. InSightec, Inc.*,
   2014 WL 3610941 (S.D.N.Y. 2014) .......................................................................................3

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007).....................................................................................................2

*BNSF Ry. Co. v. Tyrell*,
   137 S. Ct. 1549 (2017) ............................................................................................................4

*Bristol-Myers Squibb Co. v. Sup. Ct.*,
   137 S. Ct. 1773 (2017)...............................................................................................2, 3, 6, 7

*Butcher v. Gerber Prod. Co.*,
   1998 WL 437150 (S.D.N.Y. 1998)........................................................................................10

*CFTC v. EOX Holdings*,
   2019 WL 5203661 (S.D.N.Y. 2019)...............................................................................7, 8, 10

*Chen v. Arts Nail Putnam Valley Inc.*,
   2017 WL 3017712 (S.D.N.Y. 2017).....................................................................................8, 9

*City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*,
   2015 WL 12659925 (S.D.N.Y. 2015)......................................................................................9

*Cower v. Albany Law Sch.*,
   2005 WL 1606057 (S.D.N.Y. 2005)......................................................................................10

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)........................................................................................................3, 4, 8

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
   141 S. Ct. 1017 (2021)........................................................................................................2, 3

*Friedman v. Bloomberg L.P.*,
   884 F.3d 83 (2d Cir. 2017).......................................................................................................2

*Licci v. Lebanese Can. Bank*,
   984 N.E.2d 893 (N.Y. 2012)....................................................................................................5

*Mercer v. Rampart Hotel Ventures, LLC*,
    2020 WL 236843 (S.D.N.Y. 2020) ............................................................................. 4, 5

*Pollux Holding Ltd. v. Chase Manhattan Bank*,
    329 F.3d 64 (2d Cir. 2003) ...................................................................................... 9, 10

*Ramos de Almeida v. Powell*,
    2002 WL 31834457 (S.D.N.Y. 2002) .......................................................................... 10

*Ring v. Exec. Jet Aviation, Inc.*,
    2001 WL 492428 (S.D.N.Y. 2001) .............................................................................. 10

*SPV Osus Ltd. v. UBS AG*,
    882 F.3d 333 (2d Cir. 2018) ...................................................................................... 3, 4

*Troma Ent. v. Centennial Pictures Inc.*,
    729 F.3d 215 (2d Cir. 2013) ........................................................................................... 3

*Walden v. Fiore*,
    571 U.S. 277 (2014) .................................................................................................. 6, 7

*Weerahandi v. Am. Stat. Ass'n*,
    2015 WL 5821634 (S.D.N.Y. 2015) ............................................................................... 4

**Statutes**

28 U.S.C. § 1391(b)(1) ............................................................................................................. 8

28 U.S.C. § 1391(c)(2) ............................................................................................................. 8

28 U.S.C. § 1404(a) ....................................................................................................... 2, 7, 10

N.Y. C.P.L.R. § 301 .................................................................................................................. 2

N.Y. C.P.L.R. § 302 .................................................................................................................. 2

N.Y. C.P.L.R. § 302(a) .............................................................................................................. 5

N.Y. C.P.L.R. § 302(a)(1) ......................................................................................................... 4

N.Y. C.P.L.R. § 302(a)(2) ......................................................................................................... 4

N.Y. C.P.L.R. § 302(a)(3) ......................................................................................................... 4

N.Y. C.P.L.R. § 302(a)(4) ......................................................................................................... 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) ...................................................................................................... 1, 10

Fed. R. Civ. P. 45(c)(1)(A) ...........................................................................................................9

**INTRODUCTION**

Cristian Sanchez claims Adobe Inc. ("Adobe") violated Title III of the Americans with Disabilities Act (the "ADA") and related New York laws by failing to design, build, and maintain www.adobe.com for compatibility with screen readers and by failing to adopt corporate policies sufficient to achieve that result. Sanchez's claims are meritless, but they also do not belong in this Court. Most fundamentally, Sanchez does not—and could not—allege facts sufficient to warrant this Court's exercise of personal jurisdiction over Adobe in this case. A defendant who is not incorporated in the forum state, who does not maintain its principal place of business in the forum state, and who otherwise has not purposefully availed itself of the forum state in connection with the particular dispute cannot be sued in the forum state. That is settled personal-jurisdiction jurisprudence, and it precludes Sanchez's suit against Adobe in this Court. Adobe is not at home in New York (so general jurisdiction is lacking), and Sanchez's claims do not arise from or relate to Adobe's contacts with New York (so specific jurisdiction is lacking).

Even still, if this Court concludes that it has personal jurisdiction over Adobe, it nevertheless should transfer this action to the Northern District of California. That is the more convenient and appropriate forum for this litigation. Not only did all of Adobe's alleged conduct occur outside New York; the alleged conduct occurred and was overseen from Adobe's offices in San Jose and San Francisco. The relevant evidence is located there, and so are the relevant witnesses. Requiring Adobe personnel to travel to New York for trial-related activities threatens to disrupt Adobe's operations, whereas Sanchez, through his many lawsuits, has demonstrated the ability and willingness to litigate post-transfer.

For these reasons and others discussed below, the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, in the alternative, this

action should be transferred to the Northern District of California on forum non conveniens grounds pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

Sanchez claims he is unable to use certain features on Adobe's website, www.adobe.com, because Adobe's company policies fail to ensure that the website is designed and maintained in a manner that is accessible to persons with vision impairments.  *See, e.g.*, Compl. ¶¶ 4, 22–23, 39, 41.  Specifically, Sanchez alleges that Adobe's website was not designed to fully comply with certain guidelines, the Web Content Accessibility Guidelines 2.0 or 2.1 (Sanchez refers to versions 2.0 and 2.1 interchangeably).  *Id.* ¶¶ 18, 36.  Owing to this alleged failure to develop adequate policies and resulting failure to build and maintain an accessible website, Sanchez asserts claims for violations of Title III of the ADA and similar New York statutes.  *Id.* at 15–24.  He seeks injunctive relief and damages on his own behalf and on behalf of a putative class of "all legally blind individuals in the United States who have attempted to access Defendant's Website" and putative subclasses of all such persons in New York State and New York City.  *Id.* ¶¶ 44–46; *see id.* at p. 25–26.

## ARGUMENT

**I.    THE COURT LACKS PERSONAL JURISDICTION OVER ADOBE.**

Courts in this district may exercise personal jurisdiction over a defendant only if doing so satisfies New York law *and* comports with due process.  *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007); *see Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017).  New York law and due process recognize two species of personal jurisdiction—general (all-purpose) jurisdiction and specific (case-linked) jurisdiction.  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); *Bristol-Myers Squibb Co. v. Sup. Ct.*, 137 S. Ct. 1773, 1779–80 (2017); *see* N.Y. C.P.L.R. §§ 301–302.  General jurisdiction, where it exists, means that the court

may exercise personal jurisdiction over the defendant for any cause of action. *Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014). Specific jurisdiction, by contrast, requires a sufficient relationship between the defendant, the forum, and the litigation. *Bristol-Myers*, 137 S. Ct. at 1782–83; *see Ford*, 141 S. Ct. at 1026 ("[O]ur most common formulation of the rule demands that the suit 'arise out of *or relate to* the defendant's contacts with the forum.'") (quoting *Bristol-Myers*, 137 S. Ct. at 1780).

The plaintiff bears the burden of establishing at least one form—general or specific—of personal jurisdiction over the defendant. *Troma Ent. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013). Conclusory statements or allegations are insufficient; rather, the plaintiff's "prima facie showing must be factually supported." *Beeney v. InSightec, Inc.*, 2014 WL 3610941, at *2 (S.D.N.Y. 2014) (Daniels, J.). Sanchez fails to carry that burden here. He alleges only that (i) Adobe "conducts and continues to conduct a significant amount of business" in New York; and (ii) he attempted to browse www.adobe.com from a location in New York. Compl. ¶¶ 8–9. As explained below, these allegations are insufficient to demonstrate that Adobe is subject to general or specific jurisdiction in this case.

### A. General Jurisdiction Is Lacking Because Adobe Is Not At Home In New York.

Because it is not dependent on the subject matter of the particular case, due process strictly limits the forum(s) where a defendant may be subject to general jurisdiction. *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018). A defendant is subject to general jurisdiction only where the defendant is "at home." *Daimler*, 571 U.S. at 122. The Supreme Court has made clear that a corporation is not at home in every state in which it merely "engages in a substantial, continuous, and systematic course of business." *Id.* at 138. Rather, in all but exceptional cases, a corporation's "home" is limited to its "place of incorporation and [its] principal place of business."

3

*Id.* at 137–39 & 154 n.9; *accord SPV Osus*, 882 F.3d at 343. "Those affiliations have the virtue of being unique … [and] easily ascertainable." *Daimler*, 571 U.S. at 137.

Adobe is not at home in New York. Adobe neither is incorporated under the laws of New York nor maintains its principal place of business in New York. Adobe is a Delaware corporation, and its principal place of business is in California. Declaration of Nathan Etter ("Etter Decl.") ¶¶ 3–4; *see* Compl. ¶ 12. And Sanchez does not allege any facts that would rank this case as an "exceptional case" for exercising general jurisdiction over Adobe. *See Daimler*, 571 U.S. at 139 n.19.[1] Accordingly, this Court lacks general personal jurisdiction.

### B. Specific Jurisdiction Is Lacking Because Sanchez's Claims Have Nothing To Do With Adobe's Contacts With New York.

New York's long-arm statute permits the exercise of specific jurisdiction over a defendant only for claims "arising from" enumerated acts *by the defendant*, including: (i) transacting business in New York; (ii) committing certain torts in or affecting New York; and (iii) having real property in New York. N.Y. C.P.L.R. § 302(a)(1)–(4). The second ground for specific jurisdiction cannot apply here because, as a matter of law, "discrimination claims are not torts" for purposes of New York's long-arm statute. *Weerahandi v. Am. Stat. Ass'n*, 2015 WL 5821634, at *4 (S.D.N.Y. 2015) (collecting cases). The third ground is inapplicable because Sanchez does not allege anything about any New York property. And Sanchez's allegations are patently insufficient to invoke the first—transacting business—ground.

Sanchez does not allege that *he* transacted business with Adobe. He allegedly visited Adobe's website without purchasing anything. *See Mercer v. Rampart Hotel Ventures, LLC*,

---

[1]  A corporation is "at home" in a state other than its place of incorporation and principal place of business only in "exceptional" circumstances, such as when the company has temporarily moved its operations during war. *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558–59 (2017) (discussing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447–48 (1952)).

2020 WL 236843, at *4 (S.D.N.Y. 2020) (The plaintiff who "merely visited [the defendant's] website witnessed the alleged violation, and allegedly incurred harm therefrom" has not "engaged in a 'transaction' . . . as that term is normally understood."). To be sure, Sanchez alleges (albeit vaguely) that transactions between Adobe and *other* New Yorkers took place. *See* Compl. ¶ 22 (alleging that Adobe "allows for the delivery of those [sic] ordered goods throughout the United States, including New York State"); *id.* ¶ 20 (alleging www.adobe.com "offer[s] features which should allow all consumers to access the goods and services and which [sic] Defendant ensures the delivery of such goods throughout the United States, including New York State"); *id.* ¶ 21 ("Defendant operates and distributes its products throughout the United States, including New York"); *id.* ¶ 22 ("The website offers features which should allow all consumers to access the goods and services whereby Defendant allows for the delivery of those ordered goods to consumers throughout the United States, including New York State."). But Sanchez does not (and could not) allege any theory for how these other transactions harmed him or are otherwise relevant to his claims. Which is to say, Sanchez's claims do not, in any sense, "aris[e] from" these other transactions. N.Y. C.P.L.R. § 302(a); *see Licci v. Lebanese Can. Bank*, 984 N.E.2d 893, 339–40 (N.Y. 2012) (the "'arise-from' prong" of New York's long-arm statute "limits the broader 'transaction-of-business' prong to confer jurisdiction only over those claims in some way arguably connected to the transaction"); *Mercer*, 2020 WL 236843, at *4 (plaintiff who alleged disability discrimination based on inadequate options on defendant's website failed to demonstrate that her claims "arose from" the defendant's transactions with other people).

New York's long-arm statute, therefore, does not authorize specific jurisdiction over Adobe in this case, and due process forbids specific jurisdiction in any event. Consistent with due process, specific jurisdiction lies only when the plaintiff's specific claims arise out of or relate to

5

the defendant's contacts with the forum. *Bristol-Myers*, 137 S. Ct. at 1781. The inquiry is sharply "*defendant*-focused," such that specific jurisdiction cannot turn on "contacts between the *plaintiff* … and the forum." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphases added). Instead, the defendant's own "suit-related conduct must create a substantial connection with the forum" for specific jurisdiction to exist. *Id.*

Adobe's alleged "suit-related conduct" occurred outside of and lacks a substantial connection to New York. Sanchez complains that Adobe's "centralized policies" are insufficient and that the company allegedly "lacks a corporate policy" covering accessibility training, regular testing, and the development and public disclosure of an accessibility policy. Compl. ¶¶ 39, 41. Because of these alleged policy failures, Sanchez contends that Adobe has failed "to design, construct, maintain, and operate" a website that is accessible to persons with vision impairments. *Id.* ¶ 4. Indeed, Sanchez contends that www.adobe.com violates the ADA and similar laws because it was developed in a manner inconsistent with certain accessibility guidelines. Compl. ¶¶ 18, 36. Had the website been designed differently, Sanchez would have no claim at all. *Id.* ¶ 36.

None of these alleged failures has any connection to any purported conduct in New York (which Sanchez fails to plead). Adobe's company-wide policies, including its policies relating to www.adobe.com and accessibility are developed and managed by Adobe personnel working at Adobe's offices in California. Etter Decl. ¶ 5. Adobe likewise designs, constructs, maintains, and operates www.adobe.com from its California offices. *Id.* ¶ 6.

Adobe's alleged suit-related conduct—the development of website policies and the construction and maintenance of www.adobe.com—is the only "*relevant* conduct" for specific jurisdiction purposes. *Bristol-Myers*, 137 S. Ct. at 1781 (emphasis in original). Because Adobe's

6

"relevant conduct occurred entirely" outside New York, "the mere fact that [its] conduct affected [a] plaintiff[] with connections to [New York does] not suffice to authorize jurisdiction." *Id.* at 1781–82 (quotation and citation omitted).

Sanchez points to no Adobe conduct whatsoever that took place in or was purposefully directed to New York and gave rise or otherwise relates to this suit. That is because there is none. It is irrelevant whether Sanchez alleges that he and other individuals with disabilities have been harmed by the construction and maintenance of Adobe's website because he and others have attempted to access the website while in New York. Compl. ¶¶ 45–46. That conduct *of Internet-users* is not conduct *of Adobe* in or directed to the forum. *See Walden*, 571 U.S. at 284 (relationship between defendant's suit-related conduct and the forum "must arise out of contacts that the defendant *himself* creates with the forum") (quotation and citation omitted) (emphasis in original). Indeed, were a plaintiff's mere visit to a company's website sufficient to establish specific jurisdiction in whichever state the plaintiff happens to be at the time, nearly *every* company would be subject to specific jurisdiction in *any* state. That result is plainly inconsistent with the due process limitations on specific and general jurisdiction.

## II.    ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA.

This Court has discretion to transfer an action (a) to another venue in which the action "might have been brought," (b) so long as transfer promotes "the convenience of parties and witnesses" and is "in the interest of justice." 28 U.S.C. § 1404(a); *see, e.g.*, *CFTC v. EOX Holdings*, 2019 WL 5203661, *3 (S.D.N.Y. 2019) (Daniels, J.)

Transferring this action to the Northern District of California readily satisfies both requirements. An action "might have been brought" in any district where venue is proper. *CFTC*, 2019 WL 5203661 at *3. A district in which a corporate defendant is subject to personal

7

jurisdiction is a proper venue. 28 U.S.C. § 1391(b)(1), (c)(2). Because its principal place of business is in San Jose, California, Adobe is subject to general personal jurisdiction in the Northern District of California. *See Daimler*, 571 U.S. at 137–39.

Whether transfer would promote the convenience of parties and witnesses and is in the interests of justice is determined by balancing various factors, including (1) the plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; and (7) the relative means of the parties. *CFTC*, 2019 WL 5203661, at *3 (citing *DH Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)).

The key factors in this analysis weigh in favor of transferring this case to the Northern District of California because this action concerns Adobe's development of company policy and its design and maintenance of www.adobe.com. *See supra*, pp. 6–7.

- The locus of operative facts (**Factor 5**) is the place where those activities took place. *See Chen v. Arts Nail Putnam Valley Inc.*, 2017 WL 3017712, at *4 (S.D.N.Y. 2017). Adobe develops and manages its policies from its offices in San Jose and San Francisco, and it designs and maintains its website from those offices as well. Etter Decl. ¶¶ 5–6.

- Adobe personnel responsible for developing company policy and operating its website are based on San Jose and San Francisco. *Id.* ¶ 5. Thus, the relevant evidence (**Factor 3**) and non-party witnesses (**Factor 2**) are located within the Northern District of California. Transfer would minimize disruptions in Adobe's business due to its managerial personnel having to travel to New York for trial-related activities. *See, e.g., Andrews v. A.C. Roman & Assocs.*, 914 F. Supp. 2d 230, 240 (N.D.N.Y. 2012) (granting motion to transfer where

employee-witness travel would lead to "the potential disruption" of defendant's business); *City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*, 2015 WL 12659925, at *5 (S.D.N.Y. 2015) (same, where "lengthy proceedings in New York are more likely to lead to some disruption to [defendant's] day-to-day operations").

- Relevant former Adobe personnel are likely to still reside in and around San Jose and San Francisco, within the Northern District of California's subpoena power but beyond this Court's (**Factor 6**). *See* Fed. R. Civ. P. 45(c)(1)(A); *Ayala-Branch v. Tad Telecom, Inc.*, 197 F. Supp. 2d 13, 15 (S.D.N.Y. 2002) (granting motion to transfer, and noting that some of the potential witnesses were "non-party witnesses who may be unwilling to travel to this [New York] District and who are clearly beyond the subpoena power of this Court"); *see also Chen*, 2017 WL 301772, at *3 (convenience of non-party witnesses "is accorded more weight than [the convenience] of party witnesses") (quotation and citation omitted).

Adobe resides in California, while Sanchez resides in New York, so neither forum is clearly more convenient for the parties (**Factor 4**). And while Adobe is not aware of Sanchez's means (**Factor 7**), public records show that he and his counsel regularly litigate web accessibility claims against all manner of defendants, which strongly suggests that Sanchez has the means to litigate this action post-transfer.[2]

That leaves only Sanchez's choice of forum (**Factor 1**). This factor weighs against transfer in every case, but the "degree of deference assigned to plaintiff's choice depends on the specific facts of the case and may be viewed as operating along a sliding scale." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 71 (2d Cir. 2003). A greater connection between the action

---

[2] *See* Ex. A (Pacer search results for Cristian Sanchez); Ex. B (Pacer search results for Plaintiff's counsel of record, Joseph Mizrahi).

and the forum warrants greater deference to the plaintiff's choice and vice versa. *Id.* "The weight given to a plaintiff's choice of forum is diminished when the case's operative facts have little connection with the chosen forum." *CFTC*, 2019 WL 5203661 at *4 (quotation and citation omitted). The only connection between this action and this forum is the fact that Sanchez lives in New York and allegedly called up www.adobe.com from his home. That tenuous connection, when all the challenged conduct occurred elsewhere, merits minimal deference to Sanchez's choice of forum. *See, e.g.*, *Cower v. Albany Law Sch.*, 2005 WL 1606057, at *3 (S.D.N.Y. 2005); *Ramos de Almeida v. Powell*, 2002 WL 31834457, at *2 (S.D.N.Y. 2002); *Ring v. Exec. Jet Aviation, Inc.*, 2001 WL 492428, at *2 (S.D.N.Y. 2001); *Butcher v. Gerber Prod. Co.*, 1998 WL 437150, at *8 (S.D.N.Y. 1998).

To sum up, **Factors 2, 3, 5**, **and 6** favor the Northern District of California; **Factors 4 and 7** favor neither forum; and **Factor 1** favors this forum, but only minimally. Thus, the balance of the relevant factors favors transfer to the Northern District of California.

## CONCLUSION

This action should be dismissed for lack of personal jurisdiction under Rule 12(b)(2). Alternatively, if this Court concludes it has personal jurisdiction, this action should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: May 17, 2021

s/ Stephanie Schuster
Stephanie Schuster
1111 Pennsylvania Avenue, NW
Washington, DC  20004
T: (202) 373-6595
F: (202) 739-3001
stephanie.schuster@morganlewis.com

10

        Michael Fleming
        101 Park Avenue
        New York, New York  10178
        T: (212) 309-6207
        F: (212) 309-6001
        michael.fleming@morganlewis.com

        *Counsel for Defendant Adobe Inc.*