# Morgan Lewis

**Stephanie Schuster**
Partner
+1.202.373.6595
stephanie.schuster@morganlewis.com

May 27, 2021

**Via ECF**

Hon. George B. Daniels
United States District Judge
United States District Court
   for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:   *Sanchez v. Adobe Inc.*, No. 1:21-cv-01435-GBD (S.D.N.Y.)
         Response to Plaintiff's Request for Jurisdictional Discovery**

Dear Judge Daniels:

This firm represents Adobe Inc., the defendant in the referenced action. Yesterday, by letter-motion, Plaintiff requested leave to take jurisdictional discovery, over a 90-day period, so he may then amend his complaint in lieu of responding to Adobe's pending motion to dismiss or transfer venue. ECF No. 17 ("Pl. Mot.") at 1–2; *see* ECF Nos. 12–14. (Plaintiff's response to Adobe's motion is due on June 1, 2021.) Plaintiff failed to confer with Adobe or seek its position on this request. Had Plaintiff done so, Adobe would have explained that no amount of discovery will change the personal jurisdiction analysis here. For this reason, explained in greater detail below, Plaintiff's request for jurisdictional discovery should be denied.

Jurisdictional discovery is not available as a matter of right. *Vista Food Exch. v. Chapman Foodservice, LLC*, 124 F. Supp. 3d 31, 314 (S.D.N.Y. 2015). District courts have broad discretion to refuse jurisdictional discovery when the plaintiff has failed to make a prima facie showing of personal jurisdiction. *In re MS Angelin GmBH & Co.*, 2012 WL 1080300, at *4 (S.D.N.Y. 2012) (Daniels, J.) The "party seeking jurisdictional discovery, like a party seeking other kinds of discovery, bears the burden of showing necessity." *In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 3d 416, 432 (S.D.N.Y. 2018) (Daniels, J.).[1] A plaintiff fails to carry that burden when the discovery sought would "not alter the jurisdictional analysis." *MS Angelin*, 2012 WL 1080300, at *4; *see, e.g.*, *Vista Food*, 124 F. Supp. at 314 (jurisdictional discovery "improper" where it would not "cure the deficiencies in the Plaintiff's pleading").

Plaintiff's allegations are insufficient to make out a prima facie case for personal jurisdiction, as explained in detail in Adobe's pending motion. ECF No. 13 at 3–7. Plaintiff does not even attempt to argue otherwise. On the contrary, Plaintiff's plea for a lengthy period to fish for facts he might

---

[1]   *Rev'd on other grounds sub nom., Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*, 779 F. App'x 66 (2d Cir. 2019).

The Honorable George B. Daniels, U.S.D.J.
May 27, 2021
Page 2

use to *amend* his complaint, Pl. Mot. 2, is a tacit admission that the allegations in the operative complaint are insufficient. Jurisdictional discovery is unwarranted for that reason alone. *See, e.g.*, *Laydon v. Mizuho Bank*, 2015 WL 1515358, at *7 (S.D.N.Y. 2015) (Daniels, J.) ("[C]ourts in this circuit routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a prima facie case of jurisdiction.").

Plaintiff also fails to demonstrate necessity. Plaintiff purports to seek information regarding the "exact extent of Defendant's contacts with this State, including *inter alia* sales made to residents of New York State through Defendant's website." Pl. Mot. 2. Plaintiff contends that such information "will address the central contention of Defendant's motion to dismiss," *id.*, but that fundamentally misapprehends Adobe's argument.

Under New York's long-arm statute, personal jurisdiction is proper if the defendant transacts business in the State *and* the plaintiff's claims arise from those transactions. N.Y. C.P.L.R. § 302(a)(1). Adobe's sales to New Yorkers are relevant to the *transaction-of-business* prong, but Adobe contends that personal jurisdiction fails under the *arise-from* prong. ECF No. 13 at 4–5. The discovery Plaintiff seeks is not probative of the arise-from prong because, as Adobe explains in its motion, Plaintiff does not and cannot allege that Adobe's transactions with *other* New Yorkers have *harmed him* or are otherwise relevant to *his* claims. *Id.*; see *Mercer v. Rampart Hotel Ventures, LLC*, 2020 WL 236843, at *4 (S.D.N.Y. 2020) (plaintiff who alleged disability discrimination based on inadequate options on defendant's website failed to demonstrate that her claims "arose from" the defendant's transactions with other people).

More broadly, the "exact extent" of Adobe's contacts with New York, Pl. Mot. 2, has no bearing on general or specific jurisdiction. It has no bearing on general jurisdiction because Adobe has established that New York is neither the state of its incorporation nor the state where it maintains its principal place of business, ECF No. 14 ¶¶ 3–4, which are the only states where Adobe is subject to general jurisdiction, *see Daimler AG v. Bauman*, 571 U.S. 117, 137–38 (2014). It has no bearing on specific jurisdiction because specific jurisdiction turns on Adobe's alleged *suit-related* conduct—the alleged failures to develop a sufficient, centralized corporate policy and to design, construct, maintain, and operate an accessible website. ECF No. 13 at 5–7; *see Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1781 (2017); *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Via the sworn declaration of one of its Senior Vice Presidents, Adobe already established that the alleged suit-related conduct is handled by personnel located in California, not New York. ECF No. 14 ¶¶ 5–6. Additional discovery is unnecessary. *See, e.g.*, *Vista Food*, 124 F. Supp. 3d at 314 (refusing request for discovery because defendant had "made factual submissions that forestall[ed] the need for jurisdictional discovery").

\*   \*   \*

Plaintiff has failed to make out a prima facie case of jurisdiction, and he has failed to carry his burden of demonstrating that jurisdictional discovery is necessary. "Discovery need not be granted to allow a plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." *Vista Food*, 124 F. Supp. 3d at 315. Plaintiff's letter-motion should be denied.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

s/ Stephanie Schuster
Stephanie Schuster

cc: All Counsel of Record