

Joseph Mizrahi – Attorney
300 Cadman Plaza W, 12th Floor
Brooklyn, NY 11201
P: 929-575-4175 | F: 929-575-4195
E: joseph@cml.legal | W: cml.legal

May 28, 2021

**VIA ECF**

The Honorable George B. Daniels
United States Courthouse
500 Pearl Street, Room 1301
New York, NY 10007

      Re:     *Cristian Sanchez v. Adobe Inc*., Case No. 1:21-cv-01435-GBD
             Plaintiff's Reply in Support of Jurisdictional Discovery

Dear Judge Daniels:

      We represent plaintiff Cristian Sanchez ("Plaintiff") in the above-referenced action and respectfully write in reply to defendant Adobe, Inc.'s ("Defendant") letter opposing jurisdictional discovery. *See* Docket No. 18.[1] Jurisdictional discovery is appropriate in this case because it is necessary to determine the extent of Defendant's business contacts with sighted New Yorkers, and, *inter alia*, whether their experience of shopping on the Website in New York was different to that of Plaintiff solely because of his disability.

      The central holding of the decision in *Guglielmo v. JEGS Auto., Inc*. is that the transaction having a "substantial relationship" under the analysis of the Long Arm Statute to a plaintiff's claim of discriminatory treatment is not, as Defendant argues, where a website was designed, but whether sighted residents of the state were able to transact business with a defendant differently from a visually-impaired plaintiff. The decision reads, in relevant part:

      Had Plaintiff been able to make the purchases from New York he claims to have attempted to make, ***personal jurisdiction would have been present***. . . . If, at the time of the filing of this action, Defendant was s***elling products through its Website to New York customers and at the same time displaying the Website to Plaintiff but denying him the access other New York customers had to purchase products, those facts would help to establish personal jurisdiction*** and create the "articulable nexus or substantial relationship between the business transaction and the claim asserted." . . . Defendant's transactions with other New York customers would be "***connected to the plaintiff's own claim because the transactions with the other persons actually caused some part of the harm to the***

---

[1] Defendant's letter also incorrectly suggests Plaintiff is required to take Defendant's opinion on its motion practice, which it is not required to do.



The Honorable George B. Daniels
May 28, 2021
Page 2

*plaintiff.*" Specifically, Plaintiff would be "***harmed by the defendant's transactions with New York customers***" because the Complaint alleges that ***Defendant has chosen to purposefully avail itself of the rights and protections of New York by selling products on its Website to New York customers, but only to those customers who are not legally blind and can navigate the Website***. The business transaction (i.e., Defendant's sales of products to New York customers) would thus ***have a substantial relationship with the claim asserted in this action*** (i.e., Defendant makes such sales through a website that is inaccessible to certain customers). (citations omitted) (emphasis added). 20-cv-5376 (LJL), 2021 U.S. Dist. LEXIS 50347 at **13-15 (S.D.N.Y. Mar. 17, 2021)

To conclude and summarize, jurisdictional discovery is appropriate to determine the nature and extent of Defendant's sales to sighted New York residents, because the nexus of this case is whether Plaintiff received unequal treatment to his sighted peers while using the Website in New York.

We thank the court for its consideration.

Respectfully submitted,

*/s/ Joseph H. Mizrahi*
Joseph H. Mizrahi, Esq.

cc*:*    All Counsel of Record (via ECF)